IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action **No. 11-cv-3009-BAPP**

**ROHIT PODDAR**,

     Plaintiff,

v.

**UNITED STATES TRUSTEE,**

     Defendant.

---

### MEMORANDUM OPINION AND ORDER

---

Kane, J.

On February 28, 2011, Appellant Rohit Poddar filed a voluntary petition under Chapter Eleven of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Georgia.[1]  The Georgia Court transferred the case to the District of Colorado by Order entered on May 17, 2011.  This matter is currently before me on Appellee United States Trustee's Motion to Dismiss Debtor's Appeal as Untimely (doc. 8).  For the reasons stated below, United States Trustee's motion is GRANTED.

BACKGROUND

At the time the Georgia Court made the transfer, Mr. Poddar was in India visiting his elderly mother.  While in India, Mr. Poddar developed health problems that made it impossible for him to travel to the United States.  During that time, the United States Trustee ("UST")

---

[1] No counsel entered an appearance on Mr. Poddar's behalf, and he continues to present himself *pro se*.

scheduled two § 341 meetings of Mr. Poddar's creditors, but when Mr. Poddar failed to attend

either, UST did not attempt to schedule a third meeting.  Instead, after Mr. Poddar failed to attend

his § 341 meetings, neglected to provide the required Initial Financial Report, and did not submit

any of the required monthly operating reports to UST or his creditors, UST sought dismissal of

Mr. Poddar's case, conversion to Chapter Seven, or appointment of a Chapter Eleven Trustee.

Determining that Mr. Poddar failed to provide any of the required information to UST or

to his creditors, that he had not shown that he was capable of curing the deficiencies within a

reasonable time or otherwise continuing his Chapter Eleven case to successful completion, and

that there was only scant evidence of a successful reorganization by Mr. Poddar, the bankruptcy

court found that continuing Mr. Poddar's case as Chapter Eleven was not in the best interest of

Mr. Poddar or his creditors.  Thus, on October 28, 2011, the bankruptcy court converted Mr.

Poddar's case to one under Chapter Seven, "for cause" pursuant to 11 U.S.C. § 112(b).  On

November 17, 2011, Mr. Poddar filed a Notice of Appeal,[2] and on November 28, 2011, UST filed

the instant motion.[3]

## ANALYSIS

UST argues that I lack jurisdiction because Mr. Poddar's Notice of Appeal was filed

---

[2] Taking into consideration the Veterans Day holiday, Mr. Poddar filed his appeal
seventeen (17) days after the bankruptcy court entered its judgment.

[3] On November 16, 2011, Mr. Poddar filed a Motion to Reconsider in response to the
bankruptcy court's conversion of his case to Chapter Seven.  In addition to his Notice of Appeal,
Mr. Poddar also filed a Motion for Extension of Time/Leave to File Notice of Appeal on
November 17, 2011.  On January 10, 2012, the Chief United States Bankruptcy Judge for the
District of Colorado, the Honorable Howard R. Tallman, entered an order denying (1) Mr.
Poddar's Motion to Reconsider, (2) Mr. Poddar's Motion for Extension of Time/Leave to File
Notice of Appeal, and (3) Mr. Poddar's Motion for Stay Pending Appeal.

beyond the fourteen-day period for filing a notice of appeal of a bankruptcy court final order.  *See* 28 U.S.C. § 158(c)(2) (appeals made to the district courts of the United States from final judgments, orders, and decrees of bankruptcy courts shall be made "in the time provided by Rule 8002 of the Bankruptcy Rules"); Fed. R. Bankr. P. 8002(a) ("The notice of appeal shall be filed with the clerk within 14 days of the date of entry of judgment, order, or decree appealed from."). Neither party disputes that Mr. Poddar's complaint was filed seventeen (17) days, discounting Veterans Day, after the bankruptcy court converted Mr. Poddar's case to Chapter Seven.  Instead, Mr. Poddar argues that his claim should not be time-barred because the delay was not exorbitant and it is in the interest of justice to have his appeal heard on the merits.

While I recognize that Mr. Poddar is proceeding in this case *pro se*, and therefore may not be as familiar with the jurisdictional requirements of filing an appeal, the statutory requirements imposed by Congress apply to him and his case nonetheless.  Because Congress intended the statutory requirement of filing a timely notice of appeal to be treated as jurisdictional, and timely filing a notice of appeal in a bankruptcy case has been treated as jurisdictional in nature by courts for over a century, the statute of limitations governing notice of appeal is considered jurisdictional in nature.  *See In re Latture*, 605 F.3d 830, 836-37 (10th Cir. 2010) (citing 28 U.S.C. § 158(c)(2); *Bowles v. Russell*, 551 U.S. 205, 210 n.2 (2007); *In re Kingsley*, 423 B.R. 344, 351 (B.A.P. 10th Cir. 2010)).  Thus, my jurisdiction over Mr. Poddar's appeal is limited by the operable statute of limitations: Rule 8002(a)'s proscribed fourteen-day window.

As the parties acknowledge, Mr. Poddar filed his notice of appeal three days after the statutory deadline.  Although I am sympathetic to Mr. Poddar's situation, I do not have jurisdiction to hear this case.  Section 158(c)(2) clearly establishes that Congress intended Rule

8002(a)'s fourteen-day statutory limit to be jurisdictional in nature.  Because Mr. Poddar filed his

notice of appeal after the expiration of the fourteen-day filing deadline, his claim is time-barred,

and I lack jurisdiction over his appeal.

CONCLUSION

I recognize the harshness of denying Mr. Poddar relief because he missed the statutorily

imposed filing deadline by three days.  This result is, however, dictated by the separation of

powers inherent in the Constitution.  Mr. Poddar's failure to timely file his notice of appeal

defeats jurisdiction in this matter, and I may not apply equitable doctrines in circumvention of

this express Congressional limitation on my jurisdiction.  Accordingly, UST's Motion to Dismiss

is GRANTED.  All parties shall bear their own fees and costs.


Dated: January 24, 2012                    BY THE COURT:

                                           **s/John L. Kane**
                                           Senior U.S. District Judge

4