IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action **No. 11-cv-3009-BAPP**

**ROHIT PODDAR**,

    Plaintiff,

v.

**UNITED STATES TRUSTEE,**

    Defendant.

**ORDER**

Kane, J.

On February 28, 2011, Appellant Rohit Poddar filed a voluntary petition under Chapter Eleven of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Georgia.[1] The Georgia Court transferred the case to the District of Colorado by Order entered on May 17, 2011. On October 28, 2011, the Colorado Bankruptcy Court converted Mr. Poddar's case to one under Chapter Seven, "for cause" pursuant to 11 U.S.C. § 112(b). Following the conversion, on November 17, 2011, Mr. Poddar filed a Notice of Appeal,[2] and on November 28, 2011, the United States Trustee ("UST") filed a Motion to Dismiss Debtor's Appeal as Untimely. After reviewing the matter and relevant case law, I granted UST's Motion to Dismiss (doc. 23). This matter is currently before me on Mr. Poddar's Motion for Reconsideration regarding the

---

[1] No counsel entered an appearance on Mr. Poddar's behalf, and he continues to present his case *pro se*.

[2] Taking into consideration the Veterans Day holiday, Mr. Poddar filed his appeal seventeen (17) days after the bankruptcy court entered its judgment.

1

Order on Motion to Dismiss (doc. 27).  For the reasons stated below, Mr. Poddar's Motion is DENIED.

In his Motion, Mr. Poddar requests that I reconsider my Order dismissing his appeal, arguing that he was unable to file his appeal within the required fourteen day period because he was in India when the conversion order was made and he did not receive a written order regarding the conversion.  While I sympathize with Mr. Poddar's situation and recognize the fact that he is proceeding in this case *pro se*, Mr. Poddar is subject to the same statutory deadline as all other bankruptcy appellants.  Although Mr. Poddar did not receive written notice of the conversion, "lack of notice of the entry does not affect the time to appeal." Fed. R. Bankr. P. 9022(a).  Thus, the statutory deadline bars his appeal, regardless of whether he received notice of the order converting his filing to one under Chapter 7.

Mr. Poddar's failure to timely file his notice of appeal precludes jurisdiction in this matter, and lack of notice of the conversion order does not exempt Mr. Poddar from Rule 8002(a)'s statutory deadline.  Accordingly, Mr. Poddar's Motion to Reconsider is DENIED.

Dated: February 9, 2012                    BY THE COURT:

                                                    **s/John L. Kane**
                                                    Senior U.S. District Judge